UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, #186788<br>*a.k.a Charles Willis Lamb*,<br><br>        Plaintiff,<br><br>v.<br><br>Kirkland Correctional Institution Medical Staff,<br><br>        Defendant. | C/A No. 8:09-1854-CMC-BHH<br><br><br><br>REPORT AND RECOMMENDATION |

  Charles Lamb (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In his complaint, Plaintiff alleges that the Defendant refused to have Plaintiff's broken hand placed in a cast.

### Pro Se and *In Forma Pauperis* Review

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

This is the sixteenth case filed by this prisoner since August of 2008, containing factual allegations about Plaintiff's un-casted broken hand.[2] This Court may take judicial notice of Plaintiff's litigation history and of the contents of his various filings with the Court. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'").

Service of process was authorized in Plaintiff's first case regarding his allegedly un-casted broken hand. *See Lamb v. Department of Corrections, et al.,* Civil Action No. 8:08-2805-CMC-BHH (D.S.C.). However, the case was ultimately dismissed for Plaintiff's failure to prosecute. Plaintiff's subsequent cases regarding his broken hand have been recommended for summary dismissal for Plaintiff's failure to state a claim upon which relief may be granted.

In the present case, Plaintiff sues the Kirkland Correctional Institution Medical Staff for failing to put a cast on Plaintiff's injured hand. Plaintiff claims that he was sent to Kirkland Correctional Institution to get treatment on his hand, which was allegedly

---

[2] *See* Civil Action No.'s : 8:09-1853-CMC-BHH; 8:09-1806-CMC-BHH; 8:09-1656-CMC-BHH; 8:09-1655-CMC-BHH; 8:09-1231-CMC-BHH; 8:09-964-CMC-BHH; 8:09-726-CMC-BHH; 8:09-478-CMC-BHH; 8:09-477-CMC-BHH; 8:09-322-CMC-BHH; 8:09-105-CMC-BHH; 8:08-3732-CMC-BHH; 8:08-3685-CMC-BHH; 8:08-3558-CMC-BHH; 8:08-2805-CMC-BHH.

broken in six places. Plaintiff states he received x-ray tests, and that unidentified individuals attempted to put a finger-brace on Plaintiff's injured hand. However, Plaintiff refused the finger-brace. Plaintiff states the individuals treating Plaintiff's injury should have known "to put a cast on a broke hand." Plaintiff asks the Court to "call" Kirkland Correctional Institution regarding this incident.

Discussion

Plaintiff claims that the Defendant performed x-rays to determine that Plaintiff had a broken hand, but refused to provide a cast for Plaintiff's injury. Thus, it appears Plaintiff may be claiming deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

However, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." Use of the term "staff" or "medical agency" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007)("[P]laintiffs in § 1983 actions may not be subject to suit collective characterizations such as management or staff")(internal quotations omitted)(citing *Sims*

*v. Med. Staff of Cook County D.O.D.*, No. 24 C 1971, 1994 WL 687496, at *1 (N.D.Ill. Dec. 8, 1994)); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, at *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D.N.Y. Jun. 20, 1991). Because Kirkland Correctional Institution Medical Staff is not a person amenable to suit under § 1983, this complaint is subject to summary dismissal.

Further, even had Plaintiff named a proper defendant, the instant deliberate indifference claim would still be subject to dismissal. While the law is clear that correctional systems are required to provide medical care to inmates, *Helling v. McKinney*, 509 U.S. 25 (1993), a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Supreme Court has stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. In addition, although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). While the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 & n. 2 (S.D.Ga. 1994). In the instant complaint, Plaintiff's injured hand was x-rayed by the Defendant. Plaintiff also states the Defendant offered Plaintiff a finger-brace for his injured hand, but Plaintiff refused such treatment because he felt his injury required a

5

cast.  Thus, Plaintiff admits that he received medical attention, but not the medical treatment of his choice.  As such, Plaintiff's factual allegations fail to state a cognizable claim of "deliberate indifference" against the Defendant.

At most, Plaintiff's claim, that the Defendant would not cast Plaintiff's allegedly broken hand, sounds in negligence.  However, negligent or incorrect medical treatment is not actionable under § 1983.  *Estelle v. Gamble*, 429 U.S. at 106.  *See also Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). As Plaintiff's claim fails to rise to the level of deliberate indifference, and negligence is not cognizable under § 1983, Plaintiff's complaint is subject to summary dismissal.

It is noted that Plaintiff has been advised repeatedly, in previous Reports and Recommendations, that, in order to state a cognizable claim under § 1983, Plaintiff must name defendants who are amenable to suit under that statute.[3]  Despite such instruction, Plaintiff continues to file civil actions naming unidentified "Medical Staff" type defendants.

Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case **with prejudice** and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Pursuant to 28 U.S.C.

---

[3] *See* Civil Action No.'s : 8:09-1806 (against "Lieber Correctional Institution Medical Staff"); 8:09-1656 (against "Medical Staff"); 8:09-322 (against "John Does, X-ray people them, at Kirkland Correctional Institution" and "South Carolina Department of Corrections"); 8:09-105 (against "Kirkland Correctional Institution Medical Agency"); 8:08-3558 (against "Kirkland Correctional Institution Medical Staff").

§ 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), **it is further recommended that this action be deemed a "strike." The Plaintiff's attention is directed to the important notice on the next page.**

                                                                                  s/Bruce Howe Hendricks
                                                                                  United States Magistrate Judge

July 21, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).